and misleading in that they failed to disclose material, adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

41.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and the other members of the Class. As described herein, during the Class Period Defendants made or caused to be made a series of materially false or misleading statements about Wave's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Wave and its business, prospects and operations, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and the other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

42.     Each defendant is liable for (i) making false statements, or (ii) failing to disclose adverse facts known to him about Wave. Defendants' fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Wave common stock was a success, as it (i) deceived the investing public regarding Wave's prospects and business; (ii) artificially inflated the price of Wave common stock; (iii) raised $7.1 million via a private placement offering via the sale of the Company's artificially inflated shares; (iv) allowed defendants to arrange to sell and actually sell in excess of $1.5 million worth of Wave shares at artificially inflated prices; and (v) caused plaintiff and other members of the Class to purchase Wave common stock at inflated prices.

## SCIENTER

43. As alleged herein, Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading, knew that such statements or documents would be issued, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Wave, their control over and/or receipt of information of Wave's allegedly materially misleading misstatements and/or their associations with the Company that made them privy to confidential proprietary information concerning Wave, participated in the fraudulent scheme alleged.

44. In addition to the above-described involvement, each Individual Defendant had knowledge of Wave's problems and was motivated to conceal such problems. Feeney, as CFO, was responsible for financial reporting and communications with the market. Many of the internal reports showing Wave's forecasted and actual growth were prepared by the finance department under Feeney's direction. Defendant Sprague, as CEO and President, was responsible for the financial results and press releases issued by the Company on July 31, 2003 and August 4, 2003. Each Individual Defendant sought to demonstrate that he could lead the Company successfully and generate the growth expected by the market.

45. Defendants were also motivated to engage in the fraudulent practices alleged herein in order to obtain financing for the Company.

## Applicability Of Presumption
## Of Reliance: Fraud-On-The-Market Doctrine

46. At all relevant times, the market for Wave's securities was an efficient market for the following reasons, among others:

    a. Wave's stock met the requirements for listing, and was listed and, a highly efficient and automated market;

    b. As a regulated issuer, Wave filed periodic public reports with the SEC and the NASDAQ;

    c. Wave regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

    d. Wave was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

47. As a result of the foregoing, the market for Wave's securities promptly digested current information regarding Wave from all publicly available sources and reflected such information in Wave's stock price. Under these circumstances, all purchasers of Wave's securities during the Class Period suffered similar injury through their purchase of Wave's securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

48. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Wave who knew that statement was false when made.

## COUNT I

### Violation Of Section 10(b) Of
### The Exchange Act And Rule 10b-5
### Promulgated Thereunder Against All Defendants

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. Throughout the Class Period, Wave and the Individual Defendants, carried out a plan, scheme, and course of conduct that was intended to and did: (i) deceive the investing public, including Plaintiff and the other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Wave's securities; and (iii) cause Plaintiff and the other

17

38. The true facts, which were known by each of the defendants, but concealed from the investing public during the Class Period, were as follows:

   a. the Company's IBM announcement dated August 4, 2003 would result in no direct revenue to the Company;

   b. the Company's Intel announcement dated July 31, 2003 was actually immaterial and would not generate any revenue to the Company over the following two quarters, if ever;

   c. the so-called Intel contract did not require Intel to purchase even one piece of software; and

   d. the number of TPM-enabled motherboards shipped over the course of 2003 and 2004 would be *de minimis*.

## FRAUDULENT SCHEME AND COURSE OF BUSINESS

39. The market for Wave's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Wave's common stock traded at artificially inflated prices during the Class Period. Plaintiff and the other members of the Class purchased or otherwise acquired Wave securities relying upon the integrity of the market price of Wave's securities and market information relating to Wave, and have been damaged thereby.

40. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Wave's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false

13

members of the Class to purchase Wave's securities at artificially inflated prices. In furtherance of this unlawful scheme and course of conduct, Defendants took the actions set forth herein.

51.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Wave's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

52.     In addition to the duties of full disclosure imposed on Defendants as a result of their making of affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, Defendants had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulation S-X (17 C.F.R. §§ 210.01 et seq.) and Regulation S-K (17 C.F.R. §§ 229.10 et seq.) and other SEC regulations, including accurate and truthful information with respect to the Company's operations, financial condition, and earnings so that the market price of the Company's securities would be based on truthful, complete, and accurate information.

53.     Wave and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal material, adverse information about the business, operations, and future prospects of Wave as specified herein.

54. Defendants employed devices, schemes and artifices to defraud, while in possession of material, adverse, non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Wave's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Wave and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Wave's securities during the Class Period.

55. The Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level officers and/or a director at the Company during the Class Period; (ii) the Individual Defendants were privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; and (iii) the Individual Defendants were aware of the Company's dissemination of information to the investing public that they knew or recklessly disregarded was materially false and misleading.

56. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Wave's operating condition and future business

prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and misstatements of the Company's business, operations and earnings throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

57. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Wave's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of Wave's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material, adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Wave securities during the Class Period at artificially high prices and were damaged thereby.

58. At the time of said misrepresentations and omissions, Plaintiff and the other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known of the true financial condition and business prospects of Wave, which were not disclosed by Defendants, Plaintiff and the other members of the Class would not have purchased or otherwise acquired their Wave securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

20

59. By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

60. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### Violation Of Section 20(a) Of The Exchange Act Against the Individual Defendants

61. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

62. The Individual Defendants acted as controlling persons of Wave within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

63. In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

64. As set forth above, Wave and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions each as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Wave and the Individual Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(1) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(2) Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(3) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(4) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 6, 2004

                              MOULTON & GANS, P.C.

                              By: _____
                              Nancy Freeman Gans, BBO #184540
                              33 Broad Street, Suite 1100
                              Boston, Massachusetts 02109-4216
                              Telephone: 617-369-7979
                              Telecopier: 617-369-7980

                              **BERNSTEIN LIEBHARD & LIFSHITZ, LLP**
                              Sandy A. Liebhard
                              Joseph R. Seidman, Jr.
                              10 East 40th Street, 22nd Floor
                              New York, NY 10016
                              Telephone: 212-779-1414
                              Telecopier: 212-779-3218

                              **Attorneys for Plaintiff**

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Yosef Streicher ("Plaintiff"), declare the following as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint filed in this matter and has authorized the filing of a complaint based on similar allegations in a related or amended complaint. Plaintiff retains Bernstein Liebhard & Lifshitz, LLP and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4. Plaintiff's transaction(s) in the WAVE SYSTEMS CORPORATION security that is the subject of this action during the period of July 31, 2003 through and including February 2, 2004 are as follows:

| No. of Shares | Stock Symbol | Buy/Sell | Date | Price Per Share |
|---|---|---|---|---|
| 2,000 | WAVX | Buy | 9/9/03 | $3.31 |

Please list other transactions on a separate sheet of paper, if necessary.

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for the class in any action filed under the federal securities laws except as indicated here:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, or as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2004.

_____
Signature
Yosef Streicher
Print Name

TOTAL P.02

TOTAL P.0.